JAMES EDGERTON v. THE COMMONWEALTH.

A judgment rendered on a verdict of guilty upon one count of an indictment which contained several counts, and a sentence passed thereon, will not be reversed on a writ of error, although there was no finding by the jury as to one of the other counts.

MERRICK, J.    This is a writ of error brought by the plaintiff to procure the reversal of a judgment rendered against him upon an indictment in the superior court.   From the assignment of errors and the record of court it appears that the indictment contained three counts, in the first of which he was charged with breaking and entering a shop in the day time with intent to steal; in the second, with breaking and entering a shop in the night time with a like intent; and, in the third, with stealing certain enumerated articles of personal property.   He pleaded not guilty to the whole indictment; and having been put upon trial, was found guilty upon the second count, not guilty upon the first, and no verdict was returned upon the third.   Judgment was thereupon rendered and sentence awarded against him upon the second count.

The error assigned is, that the whole issue submitted to the jury was not determined, and therefore that the judgment rendered was unauthorized.

But it is well settled that several distinct offences, committed at different times, may be alleged and charged in as many different counts in the indictment, if they are of the same degree and are subject to the same kind of penalty or punishment, the whole of which for each offence may be imposed in one sentence awarded upon a judgment rendered upon a general conviction of the accused of all the offences which are thus alleged and charged against him.  1 Chit. Crim. Law, 253.  Archb. Crim. Pl. 60.   Upon such an indictment the same plea of not guilty raises an issue upon each and every one of the several counts; and the defendant may thereupon be convicted upon one, or more than one, or upon all, of them.   But there can be only one judgment upon the indictment; and this must be strictly and

exclusively upon the particular count or counts.upon which the defendant has been found guilty. It is a necessary consequence from this principle, that a judgment rendered and sentence awarded in pursuance thereof definitively and conclusively disposes of the whole indictment.

In applying this principle to the facts in the present case, it is apparent that there is no sustainable objection against the validity of the judgment rendered against the plaintiff in error. The issues raised by his plea upon the first and second counts in the indictment were determined by the jury. Upon the former, he was acquitted; upon the latter, found guilty. Upon the verdict thus returned, judgment was properly rendered, because the defendant upon such conviction became liable to, and was duly sentenced to suffer, the punishment prescribed by law for the commission of the offence which in the second count was charged against him. This judgment is not invalid because no verdict was rendered on the third count. The jury failed to agree upon the issue in relation to that count, or perhaps more probably considered the charge alleged in it to be merged in the charge contained in the count upon which they found the accused guilty. But it is unimportant to consider or know why they rendered no verdict upon it. The acceptance by the court of the verdict which they did render, and the judgment consequent thereon, made any further proceedings upon this count in the indictment impossible. These proceedings operated either as an acquittal of the defendant upon or as a discontinuance of this part of it. In the case of *Commonwealth* v. *Bennet,* 2 Virginia Cas. 235, it was determined in a like case that a conviction and judgment upon one of several counts operate in law as an acquittal upon all the other counts upon which no verdict was returned by the jury, the whole indictment having been committed to them. But, without now expressing any definite opinion upon that question, it is certain that, if such proceedings do not have that effect, they must necessarily operate in the same manner and to the same extent as a *nol. pros.,* or as a discontinuance of that part of the indictment; and therefore there would be nothing left in such case to disturb or

affect the judgment rendered upon any other count upon which there had been a due conviction.

The plaintiff in error relies upon the case of *Baron* v. *The People*, 1 Parker's Crim. Cas. 246, as an authority which sustains the proposition contended for by him, that a judgment will be erroneous if rendered upon one count in an indictment upon which the defendant has been found guilty, if there are other counts in it upon which no verdict has been returned. But no such decision was made. The indictment against Baron contained seven counts. The jury returned a special verdict; and therefore judgment was rendered and sentence awarded against him upon the whole indictment. When this judgment was considered by the court upon the writ of error brought by him, it was determined that the special verdict could not be so interpreted as to be a conviction of the accused upon all the counts, and therefore that the judgment, having been rendered upon the whole indictment, was erroneous and must be reversed. That decision we think was correct. If the judgment had followed the verdict, and the accused had been sentenced only for the particular offences of which he was found guilty it would have been legally rendered, and no doubt would have been affirmed.

The plaintiff having failed to show any error, the judgment against him must be affirmed.

*N. Richardson & J. F. Pickering*, for the plaintiff in error.

*Foster*, A. G., for the Commonwealth.